IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS ORLANDO TAITE,  )<br>#180664,  )<br>  )<br>  Petitioner,  )<br>  )<br>v.  )<br>  )<br>ALABAMA PRESIDENT  )<br>PRO TEMPORE, *et al.*,  )<br>  )<br>  Respondents.  )  | Civil Action No. 2:13cv291-WHA<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for a writ of habeas corpus, and an amendment thereto, filed by Marcus Orlando Taite ("Taite"), a state prisoner confined at the Elmore Correctional Facility in Elmore, Alabama. Doc. Nos. 1 & 7. Because this court was initially unable to ascertain the judgment Taite challenges by his petition, Taite was directed to file an amendment specifying the judgment under attack. *See* Doc. No. 2. Although not a model of clarity, Taite's amendment appears to indicate he is challenging a burglary conviction and sentence of life imprisonment entered in November 1999 by the Circuit Court of Clarke County, Alabama. *See* Doc. No. 7 at 5-6.[1]

**DISCUSSION**

Title 28 U.S.C. § 2254 provides the appropriate federal remedy for a state prisoner

---

[1] The court gleans some of the facts of Taite's conviction from its records of other civil actions he initiated in this court. *See, e.g., Tate v. King*, 2:06cv1094-MEF, and *Tate v. Bass*, 2:07cv292-WKW.

attacking the legality of his detention "pursuant to the judgment of a State court," which is where Taite finds himself now. See 28 U.S.C. § 2254(a). This court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's application for habeas corpus relief under § 2254 to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." *See* 28 U.S.C. § 2241(d). Taite challenges a conviction and sentence entered by the Circuit Court of Clarke County, Alabama. Clarke County is located within the jurisdiction of the United States District Court for the Southern District of Alabama. Under the circumstances, the court concludes that transfer of this case to such other court for hearing and determination is appropriate.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before June 7, 2013**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of May, 2013.

        /s/Charles S. Coody
       CHARLES S. COODY
       UNITED STATES MAGISTRATE JUDGE